(173 App. Div. 106)

### GREENFIELD v. NYE.

(Supreme Court, Appellate Division, First Department.   June 2, 1916.)

1. CONTRACTS ⟢332(2)—PLEADING ⟢8(5)—COMPLAINT—SUFFICIENCY—CONCLUSIONS.

The complaint averred that the parties entered into a written contract providing that, in consideration of plaintiff's payment to defendant, he would give her 50 per cent. of all work he might turn out for the next two years, and in addition the amount obtained from finished and unfinished work at that time on hand, including the amount obtained from books and plays then in his custody. The complaint further averred that defendant had in his hands a large sum of money, the property of plaintiff, for which he refused to account; plaintiff having made the payment agreed upon and fully performed. The complaint closed with a prayer for an accounting. *Held*, that the complaint did not state a cause of action, there being no averments that defendant during the life of the contract turned out any work in which plaintiff was entitled to a share; the allegations that defendant refused to account for moneys due plaintiff being mere conclusions.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1621–1635, 1638–1639; Dec. Dig. ⟢332(2); Pleading, Cent. Dig. §§ 15, 16; Dec. Dig. ⟢8(5).]

2. ACCOUNT ⟢17(1)—NATURE OF CLAIM—BREACH OF CONTRACT.

In such case, plaintiff, though the complaint be conceded to show that she was entitled to a sum of money from defendant, is not entitled to an accounting, but should sue for money due.

[Ed. Note.—For other cases, see Account, Cent. Dig. §§ 77–81, 84; Dec. Dig. ⟢17(1).]

Laughlin, J., dissenting.

Appeal from Special Term, New York County.

Action by Caroline Greenfield against Edgar Wilson Nye. From an order overruling a demurrer to the complaint, defendant appeals. Reversed.

Argued before CLARKE, P. J., and McLAUGHLIN, LAUGHLIN, SCOTT, and DOWLING, JJ.

L. E. Warren, of New York City, for appellant.
John Caldwell Myers, of New York City, for respondent.

⟢For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

McLAUGHLIN, J.  The defendant demurred to the complaint on the ground it did not state facts sufficient to constitute a cause of action.  The demurrer was overruled, and he appeals.

[1] The complaint alleges, in substance, that on the 2d of November, 1913, the parties entered into a written contract, which is annexed to and made a part of the complaint, which provided, among other things, that in consideration of the plaintiff's paying to the defendant $5,000 he would give her 50 per cent. of all the work he might turn out for two years, beginning November 2, 1913, and ending November 2, 1915, and in addition, the amount obtained from the finished and unfinished work which he at that time had on hand, including the amount obtained from certain books and plays then in his custody; that defendant now holds in his hands a large sum of money, the property of the plaintiff, for which he refuses to account or pay over; that the plaintiff, after the execution of the contract, paid to the defendant $5,000, and has fully performed all of the agreement on her part to be performed.  The judgment demanded is that an accounting be had between plaintiff and defendant, and that he be decreed to pay such sum as shall be ascertained to be due her.

I think the demurrer should have been sustained.  If the plaintiff proved every fact alleged in the complaint, she would not be entitled to recover.  It will be observed there are no allegations in the complaint that the defendant, during the time specified, turned out any work, or obtained any money or property for work turned out; that he ever made a sale of the property specified, or refused to deliver the books or plays to the plaintiff; or that she ever demanded them. It is true there is an allegation that the defendant holds money, the property of the plaintiff, for which he refused to account or pay over; but there is no allegation as to how this money came into his hands, and it cannot be inferred, without appropriate allegations to that effect, that it was derived from or by virtue of the contract upon which the cause of action is predicated.  Indeed, the allegation is a mere conclusion, not based upon any facts from which the court can see such conclusion is properly drawn.

[2] But, if it be accepted as the statement of a fact, then the plaintiff is not entitled to maintain the action for an accounting.  Her action is at law to recover the money held by the defendant, to which she is entitled.

The order appealed from, therefore, is reversed, with $10 costs and disbursements, and the demurrer sustained, with $10 costs, with leave to the plaintiff to serve an amended complaint, upon payment of such costs.

CLARKE, P. J., and SCOTT and DOWLING, JJ., concur. LAUGHLIN, J., dissents.